## Tribble *v.* Laird, guardian.

1. The cause of action set forth in the summons was not the conversion of cotton, but the conversion of specific money described as the proceeds of the sale of cotton. The action was for the commission of this tort, and not an action for money had and received, with the tort waived by election.
2. The evidence showed no cause of action whatever, and was certainly insufficient to show title in the plaintiff to any specific money and the conversion of that money by the defendant. Irrespective of any merit in the special grounds of the motion for a new trial, the court erred in not granting a new trial on the general grounds. The verdict was without any evidence to support it.
   November 20, 1893.

Bail-trover. Before Judge Richard H. Clark. De-Kalb superior court. August term, 1892.

J. N. Glenn and J. A. Wimpy, for plaintiff in error.

J. B. Steward and Candler & Thomson, *contra.*

Lumpkin, Justice.

Laird, as guardian, brought a bail-trover suit against Tribble, in a justice's court, for the recovery of $96.00, "the proceeds of the sale of three thousand two hundred pounds of seed-cotton, of the yearly value for interest of eight dollars per annum." The case went by appeal to the superior court, and resulted in a verdict for the plaintiff. The defendant's motion for a new trial contained numerous grounds, which need not, however, be discussed in detail, as the case is controlled by the propositions announced in the head-notes.

1. The cause of action set forth in the summons was not for the conversion of cotton, but for the conversion of specific money described as the proceeds of the sale of cotton. If the cotton belonged to the plaintiff in his representative capacity, and the defendant had unlawfully sold it and converted the proceeds, undoubtedly the plaintiff could have waived the tort and brought his action for money had and received. This, however,

he did not do, but sued for a tort alleged to have been committed by the defendant in converting to his own use specific proceeds of a particular lot of seed-cotton; and though the summons did not describe, nor even attempt to describe, the identical money alleged to have been received and converted by the defendant, the evident purpose of the suit was to recover damages for the tort committed by this alleged conversion. Had the action been brought for money had and received, so as to be an action *ex contractu,* bail could not have been required. That it was intended to be an action *ex delicto* is conclusively proved by the fact that bail was required as provided for in sections 3418 and 3419 of the code.

The above, we think, is a fair statement of the real character of the plaintiff's suit. Granting, for the sake of argument, that the summons was sufficient to authorize a recovery in this form of action, the only remaining question of any particular importance is: was the plaintiff's case supported by evidence warranting a verdict in his favor?

2. The truth is, the evidence utterly fails to show any cause of action whatever. There is no proof at all that the plaintiff ever had possession of the cotton in question, or title to the same. On the contrary, the evidence indisputably shows that this cotton belonged to Tribble, the defendant, and never was a part of the estate of Edmund Briscoe, out of which it was attempted to set apart the cotton as a portion of a year's support. Certainly there was no evidence whatever showing title in the plaintiff to any specific money, or any conversion by the defendant. Without regard to the special grounds of the motion for a new trial, the court erred in not setting the verdict aside, as it was utterly unsupported by evidence.     *Judgment reversed.*